**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:17-cv-327-FDW**

| | |
|---|---|
| MITCHUM SCOTT TURPIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| NORTH CAROLINA SHERIFFS, ) | |
| ASSOCIATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1).

**I. BACKGROUND**

Pro se Plaintiff Mitchum Scott Turpin, a pre-trial detainee incarcerated at the Buncombe County Detention Facility in Asheville, North Carolina, filed this action on December 4, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following persons and entities as Defendants: (1) "The North Carolina Sheriff's Association"; (2) "Altec Communications"; (3) "Graham County Sheriffs Department North Carolina"; and (4) "Sherriff Russell Moody Jr. Graham County North Carolina." Plaintiff alleges the following facts in the Complaint:

> On or about 2016 I became aware of a You Tube video posted and the 4 defendants I have named are represented by and in this video that you can pull up by searching for "20910 Graham County NC Sheriffs Office Fire." In reality these parties inaccurately accused me of those things in said video wrongly and before I ever had my day in court in which the charges ended up being dismissed. These reckless actions by defendants upon information and belief have through there violating my constitutional rights, negligence, deliberate indifference have caused me irreparable harm and loss of property, mental duress. I don't know the laws, but I know that I felt I could not get relief in the N.C. state courts because of

1

> partiality due to actions of state representatives listed above so I have sought
> relief in the U.S. district court where I believe this case best heard and decided by
> a fair impartial playing field (so to speak).

(Doc. No. 1 at 3-4). Plaintiff alleges that, as a result of Defendants' conduct, he "had to sell my home and land in Graham at a loss plus I was banned from the county by a NC superior court judge. My PTSD, anxiety disorder, and panic attacks have gotten much worse worrying about possible retaliation from any of the 100 sheriffs above." (Id. at 4). For relief, Plaintiff seeks $10 million. (Id.).

## II.  STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.  DISCUSSION

The Court will dismiss this action for failure to state a cognizable federal claim against Defendants. To prevail in a Section 1983 action, a plaintiff must show that the defendant violated a federal right. See Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (finding

that to state a civil rights claim, one must allege that he, himself, sustained the deprivation of a right, privilege, or immunity secured by the Constitution or federal law). Here, Plaintiff's allegations fail to state a cognizable claim of a violation of a federal right and this action will therefore be dismissed.[1]

Furthermore, Defendants "The North Carolina Sheriff's Association" and the "Graham County Sheriffs Department North Carolina" are not distinct legal entities capable of being sued, nor are they "persons" within the meaning of 42 U.S.C. § 1983. See Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 688 & n.55 (1978) (noting that, for purposes of Section 1983 action, a "person" includes individuals and "bodies politic and corporate"); FED. R. CIV. P. 17(b).

Finally, the Court notes, additionally, that Plaintiff has named "Altec Communications" as a Defendant. Plaintiff has alleged no facts whatsoever against this named Defendant, and it also appears that Altec Communications is a private entity not subject to suit under Section 1983, which states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. As its language indicates, Section 1983 applies only to persons acting under color of state law. It is well settled that private actors are not persons acting under color of state law and, thus, cannot be held liable under Section 1983. See Am. Mfrs. Mut. Ins. Co. v. Sullivan,

---

[1] To the extent that Plaintiff purports to bring a state law claim against Defendants for slander, this Court does not have jurisdiction over such claim, absent an independent basis for this Court to assert subject matter jurisdiction over Plaintiff.

3

526 U.S. 40, 49-50 (1999).

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.

2. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this Court's review.

3. The Clerk is directed to terminate this action.

Signed: December 5, 2017

Frank D. Whitney
Chief United States District Judge